EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  2286
Chief, Narcotics Section

THOMAS MUEHLECK  3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808)541-2850
Facsimile:  (808)541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. CR03 00501 |
| --- | --- |
| Plaintiff, | ) |
| | ) INDICTMENT |
| vs. | ) [21 U.S.C. §§ 846, 841(a)(1) |
| | ) 843(b)] |
| MICHAEL TORRES JAIMES, | ) |
| Defendant. | ) |

INDICTMENT

COUNT 1

The Grand Jury charges that:

From a date unknown but from on or about January 1, 1999 to on or about May 3, 2000, in the District of Hawaii and elsewhere, the Defendant MICHAEL TORRES JAIMES, aka "Mikey" did conspire together with Jorge Casas, aka "George," Brian Joshua Jones, Felipe Ruiz-Castro not defendants herein and with other

persons unknown to the Grand Jury, to commit offenses against the United States, that is to knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

### Ways and Means of Accomplishing the Conspiracy

The co-conspirators reached and attempted to reach the objectives of this conspiracy using the following ways and means among others:

1. It was part of the conspiracy that Jorge Casas, aka "George" obtained kilogram quantities of cocaine in California and elsewhere for distribution in Hawaii.

2. It was further part of the conspiracy that Jorge Casas, aka "George" used couriers to transport cocaine to Hawaii.

3. It was further part of the conspiracy that the co-conspirators used long distance telephone calls, telephone pagers and cellular telephones to arrange for the distribution of cocaine.

4. It was further part of the conspiracy that defendant MICHAEL TORRES JAIMES, aka "Mikey" arranged to transport by courier, to California, large quantities of United States currency in payment for kilograms of cocaine transported to Maui.

Overt Acts

In furtherance of and in order to accomplish the objectives of this conspiracy, the defendant and the co-conspirators performed overt acts in the District of Hawaii and elsewhere, including but not limited to the following:

1. On or about February 16, 1999, Brian Joshua Jones traveled to Hawaii.

2. On or about April 2, 1999, Brian Joshua Jones traveled to Hawaii.

3. On or about October 19, 1999, Brian Joshua Jones traveled to Hawaii.

4. On or about October 21, 1999, defendant MICHAEL TORRES JAIMES, aka "Mikey" spoke on the telephone concerning the distribution of a quantity of cocaine in excess of 500 grams.

5. On or about February 14, 2000, Brian Joshua Jones traveled to Hawaii.

6. On or about April 16, 2000, Brian Joshua Jones traveled to Hawaii carrying a quantity of cocaine.

7. On or about April 17, 2000 defendant MICHAEL TORRES JAIMES, aka "Mikey" spoke on the telephone with Felipe Ruiz-Castro.

All in violation of Title 21, United States Code, Section 846.

3

## COUNT 2

The Grand Jury further charges that:

On or about October 21, 1999, in the District of Hawaii, defendant MICHAEL TORRES JAIMES, aka "Mikey" did knowingly and intentionally possess with intent to distribute a quantity of cocaine in excess of 500 grams, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3

The Grand Jury further charges that:

On or about April 16, 2000, in the District of Hawaii defendant MICHAEL TORRES JAIMES, aka "Mikey" did knowingly and intentionally attempt to possess with intent to distribute a quantity of cocaine in excess of 500 grams, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 846.

## COUNT 4

The Grand Jury further charges that:

On or about April 17, 2000, in the District of Hawaii defendant MICHAEL TORRES JAIMES, aka "Mikey" did knowingly and intentionally use, and cause to be used, a communications facility, that is, a telephone, in causing or facilitating the

commission of a conspiracy to distribute and to possess a quantity of cocaine in excess of 500 grams, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of 21 United States Code Section 843(b).

DATE: October 15, 2003, at Honolulu, Hawaii.

A TRUE BILL

/s/
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI
Chief, Narcotics Section

THOMAS MUEHLECK
Assistant U.S. Attorney

United States v. Michael Torres Jaimes
Cr. No. _____
INDICTMENT