**FILED**

**NOT FOR PUBLICATION**

**JUL 27 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10385 |
| Plaintiff - Appellee, | D.C. No. CR-03-00501-SOM |
| v. | |
| MICHAEL TORRES JAIMES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted June 15, 2006
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

Michael Torres Jaimes ("Jaimes") appeals his conviction of three drug-related offenses and his sentence. We affirm.

Jaimes contends there is insufficient evidence to support the jury's findings of guilt. We review his challenge de novo, *United States v. Naghani*, 361 F.3d

---

*This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

1255, 1261 (9th Cir. 2004), and conclude that, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

There is sufficient evidence for a rational jury to find Jaimes guilty of conspiracy to distribute cocaine and to possess with intent to distribute. The evidence firmly establishes a conspiracy between Jorge Casas ("Casas") and Felipe Ruiz-Castro ("Ruiz") to possess and distribute cocaine. There is sufficient evidence to permit a finding that Jaimes knew about this conspiracy and intended to aid in accomplishing its objectives when he agreed to lend Ruiz cocaine. *See United States v. Dunn*, 564 F.2d 348, 357 (9th Cir. 1977) (stating that "[o]nce the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy" (emphasis omitted)). The lending of cocaine among Casas, Ruiz, and Jaimes suggests that they were all interested in the success of their combined efforts. *See United States v. Kostoff*, 585 F.2d 378, 380 (9th Cir. 1978).

There also is sufficient evidence to convict Jaimes of attempted possession of over 500 grams of cocaine with intent to distribute. A reasonable jury could

find that Jaimes attempted to possess two kilograms of the cocaine that Casas sent through a drug courier to Ruiz. There was evidence that the two kilograms were intended to compensate Jaimes for drugs he had fronted. There was sufficient evidence that Jaimes knew the quantity of drugs he was supposed to receive and the time and place where he would pick up the supply. Ruiz's telephone conversation with Casas shows that Jaimes was prepared to accept the drugs, because Casas indicated that Jaimes became very angry when he learned that the drugs had been confiscated and only then demanded to be paid in cash. Moreover, Jaimes called Casas and Casas's girlfriend several times in the days before the courier was to leave, and six times in the two days after authorities found the drugs. A rational jury could have found that Jaimes "committed all the steps necessary on his part to the completion of the substantive offense[,]" and that if everything had gone as planned, Jaimes would have possessed the cocaine. *United States v. Smith*, 962 F.2d 923, 931 (9th Cir. 1992); *cf. United States v. Yossunthorn*, 167 F.3d 1267, 1272 (9th Cir. 1999) (finding that the defendant had not taken a substantial step toward completion because "there were essential elements of the transaction yet to be arranged").

    Finally, there is sufficient evidence to convict Jaimes of illegal use of a telephone to facilitate a conspiracy. Jaimes knowingly and intentionally used a

telephone to help bring about the conspiracy when he called Ruiz on April 17 to arrange to meet and receive cash for the drugs he had fronted.

The district court did not commit clear error in finding that Jaimes' 2003 federal drug conviction was not part of the same course of conduct as the crimes of conviction and thus was not relevant conduct.[1] More than a year after Jaimes conspired with Casas and Ruiz to sell drugs, he was caught offering to sell drugs over the telephone. This incident led to his 2003 conviction for conspiracy to distribute drugs.

The district court did not clearly err in finding that this incident was too remote in time from the crimes of the current convictions to be considered relevant conduct. *See Hahn*, 960 F.2d at 911 (finding that offenses were not part of the same course of conduct in part because they occurred five months apart). The court also did not err in finding that the 2003 conviction was unrelated because it involved different participants and took place in a different location than the current convictions. *See United States v. Hankey*, 203 F.3d 1160, 1175 (9th Cir. 2000) (finding that drug transactions were part of the same course of conduct

---

[1] We review for clear error "[w]hether conduct extraneous to an offense of conviction is part of the same 'course of conduct' . . . as the offense of conviction so as to be considered 'relevant conduct' within the meaning of Guidelines § 1B1.3(a)(2)." *United States v. Hahn*, 960 F.2d 903, 907 (9th Cir. 1992) (citations omitted).

4

when they involved the same participants, the same amount, and the same location).

**AFFIRMED.**

A TRUE COPY
ATTEST   8/18/06
CATHY A. CATTERSON
Clerk of Court
by:
Deputy Clerk