ORIGINAL

| | |
|---|---|
| 1 | MICHAEL TORRES JAIMES, (No. 82661-198) |
| 2 | FCI Terminal Island<br>Federal Correctional Institution |
| 3 | 1299 Seaside Avenue<br>Terminal Island, CA  90731 |
| 4 | Appelant/Defendant |
| 5 | In Pro Se |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 27 2007

at 2 o'clock and 16 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

　　　　Plaintiff,

v.

MICHAEL TORRES JAIMES,

　　　　Defendant.

CR. NO. CR-03-00501-SOM

EX PARTE APPLICATION FOR APPOINTMENT OF COUNSEL FOR A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY  28 USC § 2255; POINTS AND AUTHORITIES AND DECLARATIONS

~~FILED UNDER SEAL, IN CAMERA~~

If it please this Honorable Court:

Now comes Defendant/Apellant, Michael Torres Jaimes, appearing pro se, and respectfully moves the Honorable Court, pursuant to the Criminal Justice Act of 1984, 18 USC 3006A(b), for an Order in which a conflict free counsel is appointed to represent Defendant in his Motion to vacate, set aside or correct sentence by a person in federal custody, from a judgment of this Honorable Court.

Defendant is an indigent person within the meaning of 28 USC 1915(a) and is financially unable to pay the costs for prosecuting this Motion or give security therefore.

1  Defendant has filed a Financial Declaration, CJA form 23, under separate
2  cover this day (Herein Exhibit A).
3      Defendant, who has no legal training, or abilities to communicate
4  in any other way by verbal communication and oral understanding, would
5  request the court consider appointing an attorney, that can visit
6  Defendant in his place of incarceration, in Terminal Island, California.

8  Dated: June 24 2007

11  MICAHEL TORRES JAIMES

14              POINTS AND AUTHORITIES

16  PETITIONER/MOVANT CANNOT PROPERLY DEMONSTRATE PREJUDICE CAUSED BY
17  INEFFECTIVE ASSISTANCE OF FORMER COUNSEL WITHOUT APPOINTMENT OF COUNSEL.
18      A criminal defendant in both federal and state court has the right
19  to be represented by counsel at every stage of proceeding including
20  through appeal is governed by Rule 44 FRCP and United States Code 3006a
21  Rule 44 FRCP provieds in pertinenet part:
22  (a) Right to Appointed COunsel.
23  A defendant who is aunable to obtain cousnel is entitled to have counsel
24  appointed to represent the defendant at every stage of the proceeding
25  from initial appearance thru appeal, unless the defendant waives this right.
26      Gideon v. Wainwright settled the question if whether all criminal
27  defendants are entitled to counsel (Gideon v. Wainwright (1963) 372 US
28  335 (9 L. Ed 2d 799, 83 S. Ct. 792, 93 ALR 2d 733). The right to counsel

1  include the right to the use of any experts that will assist counsel in
2  preparing a defense. See 18 USCA § 3006a(c), Mason v. State of Arizona
3  (9th Cir. 1974) 504 F. 2d 1345, 1351).
4
5  In Gideon v. Wainwright, 372 US 335 (1963), the SIxth Amendment's
6  requiremnt that the "accused shall enjoy the right ...to have the Assistance
7  of Counsel for his defense was " made obligatory on the State by the
8  Fourteenth Amendment, the COurt holding that "in our adversary system
9  of criminal justice, any person hauled into court, who is too poor to hire
10 a lawyer, cannot be assured a fair trial unless counsel if provided for
11 him" At 344 83 S. Ct. at 796. We continue to adhere to these principals.
12
13
14 In Anders v. State of Cal, 386 US 738, 741 (1967), the United States
15 Supreme Court wrote that:
16 Beginning with Griffin v People of the State of Illinois, 351 US
17 12 (1956) where it was held that equal justice was not afforded an
18 indigent appeallant where the nature of the review "depends on the amount
19 of money he has" at 19, 76 S Ct at 591, and continuing through Douglas
20 v. People of the State of Claifornia, 372 US 353 (1963), this Court has
21 consistently held invalid those procedures where the "rich man, who
22 appeals as of right, enjoys the benefit of counsels examintion into the
23 record, research of the law, and marshalling of arguments on his behalf,
24 while the indigent defendant, already burdened by a preliminary determination
25 that his case is without merit, is forced to shift for himself". At
26 358, 83 S. Ct at 817.
27 Indeed in the federal courts, the advice of counsel has long been required
28 wheneber a defendant challenged a certification that an appeal is not

taken in good faith, Johnson v. United States, 352 US 565 (1957), and such representation msut be in the role of an advocate, Ellis v. US, 356 US 674, 675, 975 (1958), rather than as amicus curiae. In Ellis, supra, we Concluded:

> "If counsel is convinced, after conscientious investigation, that the appeal is frivolous, of course, he may ask to withdraw on that account. If the court (386 US 738, 742) is satisfied that counsel has diligently investigated the possible ground of appeal, and agrees with counsels evaluation fo the case, then leave to withdraw may be allotted and leave to appeal may be denied" at 675, 78 CT at 975.

Where a defendant has certain disadvantagles of speech, and legal comprehension, as is in this case in chief, it is appropriate that a member of a bar assocaition in whom defendant has confidence and has access to, should be appointed.

Respectfully submitted,

MICHAEL TORRES JAIMES
Defendatn In Pro Se

Additional Request for Special Consideration:
Given my very limited capacities in the English Language, and in legalese especially, I request any consideration this court could provide, in time extension, and other assistance in permitting the undersigned to file a 2255.

-4-