IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00501 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING WITHOUT |
| | ) | PREJUDICE REQUEST FOR |
| vs. | ) | EVIDENTIARY HEARING, MOTIONS |
| | ) | FOR APPOINTMENT OF COUNSEL, |
| MICHAEL TORRES JAIMES, | ) | AND APPLICATION TO PROCEED IN |
| | ) | FORMA PAUPERIS |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING WITHOUT PREJUDICE REQUEST FOR
EVIDENTIARY HEARING, MOTIONS FOR APPOINTMENT OF
COUNSEL, AND APPLICATION TO PROCEED IN FORMA PAUPERIS

Michael Jaimes has filed a motion under 28 U.S.C. § 2255. The merits of his motion will be addressed by the court in a separate order. In the meantime, the court addresses preliminary requests by Jaimes.

First, Jaimes seeks an evidentiary hearing on his § 2255 motion. In this court's initial review of the motion, the court has not identified an issue requiring an evidentiary hearing. Indeed, it appears to the court that, although the motion lists two grounds for relief (ineffective assistance of counsel and an impermissibly excessive sentence), Jaimes has not actually briefed those grounds. Jaimes appears to think that he may brief those grounds later, or that counsel will be appointed to brief those grounds. The court at this point has no basis for granting the requested relief and directs Jaimes to brief the two grounds no later than August 31, 2007. The court denies the request for

an evidentiary hearing without prejudice to revisiting this issue after Jaimes submits his supplemental brief.

Second, Jaimes seeks appointment of counsel, citing the law that guarantees court-appointed counsel to indigent defendants in criminal cases. The present action is a civil action under § 2255, to which that law does not apply. However, this court typically does appoint counsel if it decides to hold an evidentiary hearing on a § 2255 motion. Therefore, if this court revisits the above decision denying the request for an evidentiary hearing, this court will revisit the denial of the request to appoint counsel. The court notes that Jaimes also cites lack of proficiency in English as a ground for appointment of counsel. However, Jaimes has submitted a lengthy declaration in English in what is apparently his own handwriting. This declaration indicates sufficient proficiency in English for Jaimes to proceed.

Third, Jaimes applies for in forma pauperis status. At this point, no fees are being assessed against Jaimes, as there is no filing fee for a § 2255 motion. Jaimes does not identify any fee that he would like waived. If indeed fees do become relevant to the presentation of the motion, this court will certainly revisit this ruling.

The Government's response to the motion is due thirty days after the Government is served with Jaimes's supplemental brief.

2

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; July 30, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Michael Torres Jaimes; Cr. 03-00501 SOM; ORDER DENYING WITHOUT PREJUDICE REQUEST FOR EVIDENTIARY HEARING, MOTIONS FOR APPOINTMENT OF COUNSEL, AND APPLICATION TO PROCEED IN FORMA PAUPERIS