ORIGINAL

Michael Torres Jaimes #82661-198
In Pro Per
Federal Correctional Facitility Terminal Island
1299 Seaside Avenue
Box 3007
San Pedro, CA

Defendant In Pro Se

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 05 2007
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TORRES JAIMES,

    Defendant.

CASE No.: CR 03-00501-SOM

MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground

Since Defendant Michael Jaimes, is not versed in the law, or the appropriate education in this realm, this entire Motion is being prepared by an untrained inmate, with slight abilities in the Spanish language, with no training in law, but with much compassion and an unerring eye for goodness in people, which is manifested in Michael Jaimes. No consideration whatsoever is being given by Michael Jaimes, who is indigent. Defendant, Michael Jaimes, teaches Meditation and Yoga, which is how this scribe was introduced to Michael Jaimes. The statement of Michael Jaimes, partial and censored as it is, given the fear of acrimony and retribution from trial counsel, is being filed concurrently herewith, and incorporated herein by reference as though set forth at this point verbatim. The following is a summary of those grounds, that with the assistance of competent and patient counsel, could be elucidated and expanded upon, if it please this Honorable Court"

A. Ground one – Denial of effective assistance of counsel by reason of Structural Defect, in application and explanation of the Indictment and the charges against Defendant.
Defendant understood, that his counsel is required to provide her undivided loyalites to petitioner throughout the period of representation, including, but not limited to trial, plea bargaining and sentencing, as well as Appeal if an insurmountable conflict is not created, due to ommission during trial & Sentencing.

1. In the case at bar, the combination of the various conflicts of
2. interest in the premises interfered with and prevented counsel
3. from fulfilling her said legal and ethical obligations to
4. Petitioner. Petitioner avers, that said failure should be
5. considered to be Structural Defect, which so seriously infects
6. the trustworhiness of the legal process such that reversal is
7. mandated without any specific showing of prejudice.
8. Most Glaring, is the fact that the Presentance Report, prepared
9. by the Probation Officer is wrong on its face, because of
10. innappropriate and erroneous conduct by Trial Counsel.
11. Petitioner was specifically instructed at the time of the
12. Interview, NOT TO DISCUSS HIS DRUG DEPENDANCE. Petitioner was
13. instructed not to discuss his substance and drug abuse. He
14. was told, that it would be addressed in a separate Motion
15. to supplant the Probation Report, so that the court would be
16. informed, that in fact, Petitioner should receive Drug Abuse
17. Prevention Counseling while at the BOP, which would entail
18. a comprehensive live in program known as DAPP.
19. This program, which is heralded in amny circles, has a unique
20. live in portion to it, in which substance abuse and depndancy
21. are dealt with in a group setting, followed up, by intense
22. supervision for a year upon release, after a 6 month half way
23. house program.
24. Petitioner, Michael Jaimes, was prevented from explaining to
25. this Honorable Court, his life long struggle with substance
26. abuse, which resulted in an incorrect Probation Report being
27. presented to the court. This Structural Error, has caused
28.

Petitioning Defendant, Michael Jaimes, to be denied acceptance to the DAPP program while at the BOP, given that the Probation Report, failed to discuss his drug abuse, thus precluding his participation in this program, which is of great value to his future. The emotional paid, duress and suffering, brought on by the realization that his reliance on his attorneys advice, has precluded him from improving his life, is cruel and unusual punsihment, which this court should be aware of.

Petitioner requests, that a revised and new Probation Report be prepared, this time, with Petitioner/Defendant, Michael Jaimes, permitted to discuss his drug abuse past.

Petitioner prays, that this Court order a Revised Probation Report, this time, permitting Defendant to discuss all aspects of his life, and providing witnesses to his life before incarcerated. All of this was specifically prohibited by Trial Counsel, and it is so reflected in the Probation Report, which notes splicifically, that Mr. Jaimes was instructed not to discuss his substance abuse with the probation officer for whatever reason.

Petitioner prays and hopes, that this Honorable Court, considers Michael Jaimes conduct and development while incarcerated, as well as review of the corrected Probation Report, to Set Aside the IIudgement, and give consideration to the IIvidence at hand.

B. Ground two    Conviction obtained was unlawfully induced or without understanding of the nature of the charges and the consequences of going to trial.

Petitioner went to trial on the charges of the Indictment, since his will was overcome by and overborne by Counsels failure to properly prepare for trial, or explain the consequences of certain evidence that was being excluded to the Defendants consternation and vehment objections.

Counsel had ample time to prepare for trial, or to work out a plea agreeement. Counsel was given unlimited resources with which to work, and yet Counsel abjectly failed and refused to prepare the case, and negotiate a Plea Agreement.

Counsel abjectly failed and refused to prepare the case for trial, as communicated by Defendant. Counsel interviewed no witnesses which Defendant beleived would assist in the case, prepared no affirmative defenses, was nearly illiterate respecting the various aspects of the drug trade and the addiction of Defendant, which was the subject matter of the within case, and failed to provide to Petitioner, Counsels advice and analysis respecting the strengths and weaknesses of Petitioners defense. It was as if Counsel had determined that Petitioner was Guilty and needed help for his drug dependancy, which was a life time struggle, and that no pretiral preparation was necessary or indicated, nor was a Plea considered, which would not provide Petitioner with the right remedial treatment he might get in Prison.

PRAYER

Wherefore, movant prays that the Court grant him all relief to which he may be entitled to in this proceeding, including but not limited to dissolution of the Presentence Report, an expungement of the Judgement of Conviction, and a J.O.A. or a new trial.

The failure to properly assess the evidence by Trial Counsel, constitutes the unprofessional conduct that must be shown in claiming a constitutional violation involving ineffective assistance of Counsel.

Respectfully submitted, *[signature] 08/20/07*

Michael Torres Jaimes
Petitioner in Pro Se