IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim No. 03-00501 SOM |
| | ) | Civ. No. 07-00407 SOM/BMK |
| Plaintiff, | ) | |
| | ) | ORDER DENYING SECOND REQUEST |
| vs. | ) | FOR APPOINTMENT OF COUNSEL |
| | ) | AND FOR AN EVIDENTIARY |
| MICHAEL TORRES JAIMES, | ) | HEARING |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING SECOND REQUEST FOR APPOINTMENT
OF COUNSEL AND FOR AN EVIDENTIARY HEARING

Michael Jaimes has filed a petition under 28 U.S.C. § 2255. On July 30, 2007, the court denied without prejudice Jaimes's request for appointment of counsel and for an evidentiary hearing. On September 5, 2007, Jaimes filed another request for appointment of counsel (as well as, possibly, an interpreter) and for an evidentiary hearing. That request is denied.

There is no Sixth Amendment right to appointment of counsel in proceedings collaterally attacking a defendant's conviction, judgment, and sentence. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Harrington, 410 F.3d 598, 600 (9th Cir. 2005) ("There is no right to counsel for a collateral attack on a conviction."), cert. denied, 546 U.S. 1115 (2006). This court must appoint counsel when an evidentiary hearing is to be

held in a § 2255 proceeding or when necessary to prevent a due process violation. United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995) (appointment of counsel necessary when district court holds an evidentiary hearing); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). When an evidentiary hearing is not necessary, the decision to appoint counsel is entirely discretionary. See Chaney, 801 F.2d at 1196. This court is also authorized to appoint counsel to represent a financially eligible habeas petitioner whenever it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

This order does not adjudicate Jaimes's § 2255 petition. In this court's initial review of that petition and the supplemental memorandum in support of that petition, the court has not identified any issue requiring an evidentiary hearing. The petition is based on ineffective assistance of counsel and an impermissibly excessive sentence. In Jaimes September 5, 2007, supplemental filing, he avers that his trial counsel had "various conflicts of interest," but does not explain what those alleged conflicts were. Jaimes also says that his counsel was ineffective in advising him not to discuss his drug

dependence with the probation officer assigned to this case because, allegedly as a result of that advice, Jaimes has not been accepted into the Bureau of Prisons' drug treatment program. Jaimes claims that his counsel was ineffective because she did not properly prepare for trial; explain the strengths, weaknesses, and possible evidentiary rulings of his case; or negotiate a plea agreement.  None of these grounds, however, requires an evidentiary hearing.  See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990) ("To warrant an evidentiary hearing, a petitioner must make specific factual allegations which, if true, would entitle him to relief." (quotations omitted)).

      Jaimes argues that he should be appointed counsel (as well as an interpreter) because he lacks proficiency in the English language.  However, Jaimes has submitted a lengthy declaration in English in what is apparently his own handwriting. This declaration indicates sufficient proficiency in English for Jaimes to proceed.  Moreover, as indicated in Jaimes's Presentence Report, he attended school in San Diego and received his GED in FDC Honolulu on September 8, 2003.

      Jaimes's requests for appointment of counsel and an interpreter and for an evidentiary hearing are denied.

      Jaimes also seeks leave to file another supplemental memorandum.  This court has already allowed Jaimes to supplement

his papers.  As Jaimes does not specifically indicate what he might add in further papers, the court anticipates treating the presently filed papers as Jaimes's complete petition.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii; September 6, 2007.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        United States District Judge

United States of America v. Michael Torres Jaimes; Crim. 03-00501 SOM; Civ. No. 07-00407 SOM/BMK; ORDER DENYING SECOND REQUEST FOR APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING