IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL TORRES JAIMES, | ) | CIVIL NO. 07-00407 SOM/BMK |
| | ) | CRIM NO. 03-00501 SOM |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | ORDER DENYING IN PART |
| | ) | PETITIONER'S 28 U.S.C. § 2255 |
| Respondent. | ) | PETITION; ORDER REQUESTING |
| _____ | ) | SUPPLEMENTAL BRIEFING |

ORDER DENYING IN PART PETITIONER'S 28 U.S.C. § 2255 PETITION;
ORDER REQUESTING SUPPLEMENTAL BRIEFING

I.   INTRODUCTION.

On July 27, 2007, Michael Torres Jaimes filed a petition under 28 U.S.C. § 2255.  That petition raised two grounds for relief--ineffective assistance of counsel and an unconstitutional term of imprisonment.  Because that petition did not explain Jaimes's claims, the court directed Jaimes to file a supplemental brief explaining the two grounds.

On September 5, 2007, rather than filing a document calling itself a supplemental memorandum, Jaimes filed what looks like another petition under § 2255.  The court deems this petition to be an amended § 2255 petition.  This amended petition continues to assert ineffective assistance of counsel and an unconstitutional term of imprisonment.

Jaimes argues that his counsel, Pamela Tower, was ineffective when she advised him not to answer a probation officer's questions regarding his drug history in connection with

the preparation of his presentence report.  Jaimes posits that, because the presentence report did not reflect his drug history, he was denied admission into the Bureau of Prisons' 500-Hour Comprehensive Drug Treatment Program ("Drug Treatment Program"), despite the court's recommendation that he participate in that program.  See Judgment (May 27, 2007) at 3 ("The court makes the following recommendations to the Bureau of Prisons: . . . 3) 500 Hour Comprehensive Drug Treatment Program").  Jaimes seeks either an amendment of his presentence report to reflect his drug history, or a new presentence report that reflects his drug history.  To the extent Jaimes is challenging the manner in which the Bureau of Prisons is implementing his sentence, a § 2255 petition is not the proper vehicle for such a challenge.  To the extent Jaimes is seeking amendment of the presentence report to accurately reflect his drug history, the petition is denied.  Jaimes waived his right to contest the presentence report and, in any event, does not establish that he would likely have been better off had the information been included in the original presentence report.  In other words, Jaimes does not establish ineffective assistance of counsel in connection with the presentence report.

       With respect to Jaimes's remaining claims, the court directs him to file a supplemental memorandum no later than

October 8, 2007. This supplemental memorandum should explain the factual and legal basis of each of those remaining claims.

II.     FACTUAL BACKGROUND.

On October 15, 2003, Jaimes was indicted by a grand jury. After a jury trial, he was convicted on Count 1 (conspiring to distribute and to possess with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1)), Count 3 (attempt to posses with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 846), and Count 4 (use of a telephone to facilitate a conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 843(b)).[1] See Indictment (Oct. 15, 2003); Verdict (Jan. 13, 2004); Judgment in a Criminal Case (May 27, 2005).

Jaimes was sentenced to 132 months of imprisonment and 4 years of supervised release for Counts 1 and 3, and 48 months imprisonment and 3 years of supervised release for Count 4, with all terms running concurrently. The court also recommended to the Bureau of Prisons that Jaimes be enrolled in the Drug Treatment Program. See Judgment.

---

[1] The jury was unable to reach a verdict on Count 2, causing the court to declare a mistrial as to that Count. The Government later moved to dismiss Count 2. That motion was granted. See Order Dismissing Count 2 of the Indictment (Jan. 28, 2004).

After his convictions, Jaimes was questioned by a probation officer who was preparing a presentence report for this court. During questioning, Jaimes allegedly was asked about his exposure to and use of drugs. Jaimes alleges that Ms. Tower advised him not to answer that question. The presentence report states,

> Upon the advice of counsel, the defendant declined to provide a statement regarding his substance abuse history. However, he is interested in participating in a drug treatment program offered by the U.S. Bureau of Prisons.

Presentence Report ¶ 52. Nevertheless, the presentence report notes,

> A bail report prepared by the U.S. Pretrial Services indicates that the defendant reported he used cocaine and marijuana on a recreational basis from age 20 to the year 2000. He also stated that he did not use drugs following his California drug convictions. In addition, police reports pertaining to the defendant's felony drug convictions in San Diego, California, indicate that the defendant was a user of cocaine at the time of his arrest in 2001.

Presentence Report ¶ 53.

Jaimes says that he has been denied acceptance into the Drug Treatment Program because the Bureau of Prisons relies on the presentence report in assessing eligibility for that program. In the petition before this court, Jaimes seeks to amend his presentence report (or to have a new one prepared) to accurately

reflect his drug use so that he might be accepted into the Drug Treatment Program.

III.     STANDARD OF REVIEW.

A petitioner has the right to bring a petition under § 2255 when "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such a sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.

If a § 2255 petition, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the petition.  See 28 U.S.C. § 2255; see also United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990) ("To warrant an evidentiary hearing, a petitioner must 'make specific factual allegations which, if true, would entitle him to relief.'") (quoting Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982)).  If "the record conclusively shows [petitioner's] motion to be without merit," then no hearing is necessary.  United States v. Donn, 661 F.2d 820, 825 (9th Cir. 1981).  Only when the petitioner has "made reasonably plausible factual allegations that state a claim on which relief could be granted" must the court hold a hearing.  Id. at 825; see also Rule 4(b) of the

Rules Governing Section 2255 Proceedings in the United States District Court ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

IV.     ANALYSIS

     A.   To the Extent Jaimes Seeks Amendment of his Presentence Report, His Petition is Denied.

To the extent Jaimes asserts that his presentence report should be amended or redone so that he can gain admission into the Drug Treatment Program, that assertion involves the execution of his sentence (admission into the Drug Treatment Program), not the sentence itself. Because a § 2255 petition must be brought for the purpose of amending, vacating, or attacking a sentence, not for executing or administering a sentence, Jaimes may not use § 2255 to seek amendment of the presentence report solely to gain admission into the Drug Treatment Program. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). This court has recently rejected a similar argument made by Leslie J. Fernandez, a defendant who argued that the very same attorney had been ineffective in similarly advising Fernandez not to answer a probation officer's questions about his drug use. See Order Denying Petitioner's 28 U.S.C. § 2255 Petition, Civil No. 07-00395 SOM/LEK; CRIM NO. 03-00594 SOM (Aug. 1, 2007).

6

Section 2255 is not the proper vehicle for seeking an amendment to the presentence report. The presentence report "provides the trial judge with as much information as possible in order to enable the judge to make an informed decision" when sentencing the defendant. United States v. Herrera-Figueroa, 918 F.2d 1430, 1435 (9th Cir. 1990) (quoting United States v. Belgard, 894 F.2d 1092, 1097 (9th Cir. 1990)). Because Jaimes is not arguing that his sentence was imposed in violation of the Constitution or any law, that the court lacked jurisdiction to impose the sentence, or that the sentence was in excess of the maximum imposed by law, § 2255 is inapplicable. See 28 U.S.C. § 2255.

The court sentenced Jaimes to 132 months of imprisonment and 4 years of supervised release for Counts 1 and 3, and to 48 months imprisonment and 3 years of supervised release for Count 4, with all terms running concurrently. The court also recommended to the Bureau of Prisons that Jaimes be enrolled in the Drug Treatment Program. See Judgment. Admission into that program is in the Bureau of Prisons' discretion, and the Bureau of Prisons need not follow this court's recommendations. See Simpson v. United States, 2005 WL 3159657, *17 (N.D.N.Y. Nov. 25, 2005) ("This Court is well aware that the ultimate decision as to whether an inmate will be accepted into the BOP's Drug Treatment Program rests with the BOP."). Jaimes's

argument is a challenge to the execution of this court's sentence. Petitions challenging "the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court," which is the district court in which the defendant's prison is located. Hernandez, 204 F.3d at 864; see also United States v. Stevens, 559 F. Supp 1007, 1014 (D. Kan. 1983) ("Although a § 2255 motion is an appropriate method to challenge the validity of a sentence, it is not available to attack the manner of its execution."). Section 2255 simply does not apply to Jaimes's request to amend or redo his presentence report to gain admission into the Drug Treatment Program. The appropriate court for Jaimes's challenge to the execution of his sentence is the United States District Court for the district in which he is incarcerated. See Hernandez, 204 F.3d at 864.

Although a § 2255 petition is not the proper vehicle for seeking the kind of amendment to a presentence report that Jaimes seeks, the court does, of course, recognize that it has the inherent power to amend a presentence report, even after sentencing. This court, however, does not usually exercise that power to reverse a deliberate decision made by the defense. Moreover, Jaimes waived his right to seek amendment of the presentence report by not asserting his challenge at or before sentencing or on direct appeal. See United States v. Keller,

902 F.2d 1391, 1393-94 (9th Cir. 1990) (agreeing with the district court that defendant had waived his right to attack the presentence report when he did not challenge it during sentencing or raise the issue prior to bringing a § 2255 petition); Donn, 661 F.2d at 824 ("A defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal.").

Jaimes has not demonstrated that his Sixth Amendment right to counsel was violated by Ms. Tower's alleged ineffectiveness in advising him not to answer a probation officer's questions about his drug history.[2] To succeed on a

---

[2] The Sixth Amendment right to counsel guarantees a defendant assistance of counsel when confronted by "prosecutorial forces." Accordingly, a defendant only has a Sixth Amendment right to counsel when there is an adversarial proceeding. United States v. Johnson, 935 F.2d 47, 50 (4th Cir. 1991). A probation officer is not an agent of the prosecution, but is a neutral, information-gathering agent or arm of the court. See United States v. Herrera-Figueroa, 918 F.2d 1430, 1434 (9th Cir. 1990). The Sixth Amendment is therefore inapplicable to routine questioning of a defendant by a probation officer.

Additionally, the Sixth Amendment right to counsel guarantees the right to counsel only at critical stages of the proceedings. See United States v. Benlian, 63 F.3d 824, 827 (9th Cir. 1995). The Ninth Circuit has held that a defendant's presentence interview with a probation officer is not a critical stage of the adversary proceedings. See id. at 827. In Benlian, the court noted "that, if the stage is not critical, there can be no constitutional violation, no matter how deficient counsel's performance." Id. at 827. Although the Ninth Circuit recently held that the presentence interview is a "critical stage" of the proceeding in a non-routine capital case, Hoffman v. Arave, 236 F.3d 523, 537-38 (9th Cir. 2001), the Ninth Circuit did not

claim of ineffective assistance of counsel, Jaimes must demonstrate (1) that counsel's performance and assistance was deficient, or "fell below an objective standard of reasonableness" of "prevailing professional norms," and (2) that counsel's performance prejudiced petitioner's defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Counsel's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687. In determining whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  "In evaluating the reasonableness of counsel's actions, a reviewing court must consider the circumstances at the time of counsel's conduct, Strickland, 466 U.S. at 690, and cannot 'second-guess' counsel's decisions or view them under the 'fabled twenty-twenty vision of hindsight.'"  Edwards v. Lamarque, 475 F.3d 1121, 1127 (9th Cir. 2007).  To demonstrate prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional

---

overrule its earlier precedent indicating that a routine presentence interview does not involve a critical stage of the adversary proceeding such that a defendant has a right to counsel.  Given the above law, there could not have been a Sixth Amendment violation during the probation officer's questioning.

errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  If either prong of this test is not satisfied, the court must find that counsel's performance was constitutionally effective.  See id. at 696.

Jaimes fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and fails to demonstrate that Ms. Tower's advice and/or actions prejudiced him.  Strickland, 466 U.S. at 689.  During sentencing, the court, relying on what little information it had, did indeed recommend that Jaimes be admitted to the Drug Treatment Program.

Ms. Tower's actions during questioning for the presentence report and during sentencing were within the scope of reasonable conduct by a criminal attorney.  Ms. Tower made a tactical decision in advising Jaimes to remain silent during questioning for the presentence report.  As a result, Jaimes's drug history was not specifically included in the presentence report, although the report does mention some of Jaimes's past drug use.  Counsel generally will not be deemed ineffective for making tactical decisions.  See Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001) ("[Petitioner's] disagreement with trial counsel's tactical decision cannot form the basis for a claim of ineffective assistance of counsel."); Thorsteinsson v. I.N.S., 724 F.2d 1365, 1367 (9th Cir. 1983) (counsel's tactical decision

11

not to raise a potential defense did not constitute ineffective assistance of counsel).

A defendant's drug history is a factor that a judge reading a presentence report may consider when determining a sentence. This court sentenced Jaimes after the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which made the sentencing guidelines advisory. The court therefore could have considered the "history and characteristics of the defendant" under 18 U.S.C. § 3553(a)(1). A history of substance use could conceivably have been considered in imposing a longer sentence. Ms. Tower, in advising Jaimes to remain silent, may have been concerned that his substance abuse history might have concerned the court enough to affect his sentence. For that reason, Ms. Tower's tactical decision did not make her constitutionally ineffective. See, e.g., Thorsteinsson, 724 F.2d at 1367. After all, Jaimes's sentence might have been worse had his drug history been detailed in the presentence report.

To the extent Jaimes's petition seeks amendment of the presentence report, it is denied without a hearing.

    B. The Court Orders Supplemental Briefing on the Remaining Claims Asserted in the Amended § 2255 Petition.

Jaimes's Amended § 2255 petition also asserts that his sentence was in excess of that allowable under the constitution, as well as other ineffective assistance of counsel claims.

Jaimes says that Ms. Tower failed to properly prepare for trial, failed to negotiate a plea deal, failed to interview witnesses who would assist in the defense, and failed to advise Jaimes about the strengths and weaknesses of his case or about possible evidentiary rulings. Jaimes provides no factual detail about any of these claims. Without such detail, Jaimes cannot demonstrate any entitlement to relief under § 2255.

This court stated in an earlier order that, having given Jaimes a chance to supplement his petition, the court would treat Jaimes's prior filings as his complete petition. The court now reconsiders that ruling and directs that, no later than October 8, 2007, Jaimes submit a document titled "Supplemental Memorandum in Support of § 2255 Petition." No further supplement may be filed by Jaimes after October 8, 2007, without leave of court.

In that supplemental memorandum, Jaimes should detail his claims, as well as the factual background for each claim. For example, Jaimes should explain how his sentence allegedly violated the constitution. To the extent Jaimes argues that Ms. Tower was ineffective, he should provide the factual basis for each claim, as well as a discussion of how her conduct fell below an objective standard of reasonableness and how he was prejudiced. For example, to the extent Jaimes argues that Ms. Tower was ineffective in failing to interview witnesses,

Jaimes should explain what witnesses objectively reasonable counsel would have interviewed, what those witnesses would have said, and how Jaimes's case would have been different had Ms. Tower interviewed those witnesses. Jaimes should provide the court with a similar explanation for each of his claims of ineffective assistance of counsel.

The Government's brief in opposition to the petition shall be due 30 days from its receipt of Jaimes's Supplemental Memorandum in Support of § 2255 Petition. The currently scheduled October 22, 2007, nonevidentiary hearing shall be continued to November 26, 2007, at 9:00 a.m.

V.     CONCLUSION

To the extent Jaimes seeks amendment of his presentence report or bases his petition on that report's discussion or lack of discussion of his substance abuse history, his § 2255 petition is denied without a hearing. To the extent Jaimes asserts other claims in his § 2255 petition, he may file a supplemental memorandum detailing those claims no later than October 8, 2007. Failure to file a supplemental memorandum by that date will cause this court to deny the remaining portions of the petition for failure to meet a petitioner's burden.

The Clerk of the Court is directed to send this order to Jaimes, to Assistant United States Attorney Louis A. Bracco, and to Pamela O'Leary Tower, Pacific Tower, 1001 Bishop St., Ste 1330, Honolulu, HI 96813.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 12, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Michael Torres Jaimes v. United States, Civil No. 07-00407 SOM/BMK; Crim. No. 03-00501 SOM; ORDER DENYING IN PART PETITIONER'S 28 U.S.C. § 2255 PETITION; ORDER REQUESTING SUPPLEMENTAL BRIEFING